United States District Court
Southern District of Texas
**ENTERED**
March 12, 2018
David J. Bradley, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| ISREAL HUDGINS | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:17-CV-01460 |
| | § | |
| LORRIE DAVIS, | § | |
| Director of the Texas Department of | § | |
| Criminal Justice - Correctional Institutions | § | |
| Division, | § | |
| *Respondent*. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner, Isreal Hudgins, a Texas State inmate filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging his murder conviction. Dkt. 12 at 2. The matter was referred to this Magistrate Judge by District Judge Lynn Hughes. Dkt. 5. Respondent, Lorie Davis, filed a motion for summary judgment. Dkt. 20. After reviewing the record, the Court recommends that Hudgins' petition be denied with prejudice.

### Background

Hudgins was convicted of murder with a firearm and sentenced to seventy-five years in prison. Dkt. 12 at 2. Hudgins filed a state habeas corpus application challenging his conviction on the following grounds: (1) ineffective assistance of counsel; (2) trial court error; (3) the denial of a fair and impartial trial; (4) lack of jurisdiction; (5) the sufficiency of the evidence; (6) barred conviction; (7) the constitutionality of Penal Code 7.02; and (8) the defectiveness of his indictment. The Texas Court of Criminal Appeals

denied Hudgins' application on September 12, 2012. *Id.* at 4. Hudgins then filed his federal petition (Dkt. 1) on May 11, 2017, and his amended federal petition (Dkt. 12) on July 24, 2017.

## Analysis

Hudgins' petition is subject to review under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Section 2254 sets forth a "highly deferential standard for evaluating state court rulings, which demands the state court decision be given the benefit of the doubt." *Woodford v. Visclotti*, 537 U.S. 19, 24 (2002). A petitioner cannot obtain federal relief with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim resulted in: (1) a decision contrary to, or in light of an unreasonable application of clearly established law, as determined by the Supreme Court; or (2) a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d). The state court's factual determinations are presumed correct, and a habeas petitioner bears the burden of rebutting that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Federal habeas courts do not sit to correct errors of fact, but to ensure that individuals are not imprisoned in violation of the Constitution. *See e.g., Moore v. Dempsey*, 261 U.S. 86, 87-88 (1923). Federal habeas relief is warranted if the state court's decision was incorrect and objectively unreasonable. *See Woodford v. Visciotti*, 537 U.S. 19, 27 (2002). Moreover, it is the state court's "ultimate decision" that is to be

tested for unreasonableness, not every jot of its reasoning. *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002).

## I.   Ineffective Assistance of Counsel.[1]

A defendant claiming ineffective assistance of counsel must show (1) deficient counsel performance and (2) resulting prejudice to the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Deficient performance is that which falls below an objective standard of reasonableness. *Harrington v. Ritcher*, 562 U.S. 86, 104 (2011). A reviewing court must apply a strong presumption that counsel's representation fell within the wide range of reasonable professional assistance. To show prejudice, a challenger must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have differed. It is not enough to show that the errors had some conceivable effect on the outcome of the proceeding. Counsel's errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 787-88.

Surmounting *Strickland*'s high bar is not easy. *Richter*, 562 U.S. at 105 (quoting *Padilla v. Kentucky*, 130 S. Ct. 1473, 1485 (2010)). Under § 2254(d), the reviewing court must grant deference not only to the decisions of counsel, but also to the decision of the state court. *Id.*

### 1.   *Rejected plea offer.*

In his first ground for relief, Hudgins argues that upon the advice of trial counsel,

---

[1] When Hudgins raised these issues in state habeas proceedings, trial counsel submitted an affidavit (Dkt. 19-12 at 24-33), and the state habeas court found trial counsel's affidavit credible and the facts stated therein true.

he rejected the State's plea offer of 40 years confinement in exchange for his guilty plea. Dkt. 12 at 12. Hudgins alleges he chose to proceed to trial because he was unaware of Texas' "law of parties" theory, and trial counsel informed him he could not be convicted because (1) he merely intended to rob the victim, and (2) he waited in the car while his codefendants went into the victim's apartment. He also alleges trial counsel told him he could not be convicted by the testimony of Mr. Broussard, a jail informant, because Mr. Broussard's testimony was not corroborated by other evidence. *Id.*

The state habeas court found that trial counsel (1) did not inform Hudgins he could not be convicted of murder; (2) explained the "law of parties" to Hudgins, and informed Hudgins he could be convicted under this theory; (3) did not inform Hudgins he could not be convicted upon the jail informant's testimony; and (4) does not recall Hudgins expressing any desire to accept the State's plea bargained offer of 40 years. Dkt. 19-11 at 54. Accordingly, the state habeas court concluded Hudgins fails to show trial counsel rendered incorrect advice or that the alleged incorrect advice caused him to reject the State's plea bargain offer. Dkt. 19-12 at 12. The court agrees with the state court's findings.

Hudgins does not show that he was misinformed about the applicable law or that counsel offered misleading advice. Although Hudgins alleges that the record shows the State made a 40 year plea offer, he fails to cite to the record to support his allegation. As for the required prejudice, Hudgins fails to prove the prosecutor would have continued to extend the offer or the trial court would have accepted the agreement. *See United States*

*v. Rivas-Lopez*, 678 F.3d 353, 357 (5th Cir. 2012). Thus, Hudgins does not show that counsel's performance was deficient, or that the state court's adjudication of the claim was an unreasonable application of clearly established federal law. Hudgins is not entitled to relief on these grounds.

    *2. Sentencing by the Jurors.*

    In his second ground for relief, Hudgins claims he was never informed of his rights regarding the election of a judge or jury trial. Dkt. 12 at 13. Hudgins contends that had he known he had a choice, "he would have elected to proceed to trial by the judge and have the jury assess punishment." In the same breath, he contends he was under the impression that he had no choice but to elect the jury to assess punishment, and he would have done otherwise had he known his rights. Hudgins also alleges trial counsel told him he would "surely be convicted of murder and given a life sentence if he proceeded to trial before a judge." *Id.*

    The state habeas court found that (1) trial counsel informed Hudgins of his rights regarding a jury trial and court trial, and did not tell Hudgins that he could have a trial by judge and have punishment be assessed by a jury, and (2) trial counsel likely opined that the Judge would assess a significant punishment given Hudgins' criminal history. Dkt. 19-11 at 55. The state habeas court concluded Hudgins fails to show trial counsel provided inaccurate information regarding his rights to a trial and that the alleged inaccurate information caused harm. Dkt 19-12 at 13.

Hudgins does not show that counsel's actions were deficient or that he was prejudiced. Further, Hudgins fails to show that the state court adjudication involved an unreasonable application of clearly established federal law. Therefore, the state court's findings are presumed to be true, and Hudgins is not entitled to relief on this ground.

3. *Jury charge instruction.*

In his fourth and seventh grounds for relief, Hudgins alleges he received ineffective assistance when trial counsel failed to object to the third application paragraph, which described capital murder, and the sixth application paragraph, which allegedly described capital murder. Dkt. 12 at 15, 18. In his fifth ground for relief, Hudgins alleges trial court error based on the submission of this charge. *Id.* at 16.

Trial counsel contends that he does not recall if he had a reason for not objecting to this portion of the charge, and that it could have been "over-looked." Dkt. 19-12 at 30. He also states it could have been left in "to illustrate the fact that this was not a capital crime, and to argue that the State had not proven the elements of same, and thereby at least give the jury something to consider other than the evidence admitted establishing [Hudgins'] guilt under conspiracy, felony murder, and law of parties theories." *Id.*

Although the third application paragraph was consistent with a charge for capital murder, and erroneously instructed "the jury that it can only find Hudgins guilty of murder if it finds that the murder was committed while in the course of committing an aggravated robbery," Hudgins was not harmed. *Hudgins v. State*, 2011 WL 4925979, at *4. In fact, the capital murder instruction increased the State's burden—not only was the

6

State required to prove all the elements for murder, it also had to prove all the elements for aggravated robbery. Accordingly, the state habeas court found that Hudgins fails to show trial counsel was ineffective because Hudgins fails to show prejudice. Dkt. 19-12 at 13. The court agrees.

Hudgins fails to show that the omission of the instruction would have led to a different result. While the juror instructions contained a capital murder instruction, Hudgins was not found guilty of capital murder. Hudgins is not entitled to relief on this ground.

As for the sixth application paragraph, the court of appeals determined that the paragraph did not, as a matter of state law, describe capital murder. *Hudgins v. State*, 2011 WL 4925979, at *5–6. Thus, trial counsel was not ineffective for not objecting to this paragraph. Nor did the trial court err in submitting this charge. The state habeas court concluded this claim need not be reconsidered because it had been raised and rejected on direct appeal. *Ex parte Schuessler*, 846 S.W.2d 850 (Tex. Crim. App. 1993) (issues raised and rejected on direct appeal may not be reconsidered on a post-conviction writ). Hudgins is not entitled to relief on this ground.

4. *Impeachment testimony.*

In his eighth ground for relief, Hudgins claims trial counsel was ineffective for failing to object when the prosecutor called an informant known to be hostile for the primary purpose of eliciting inadmissible impeachment evidence. Dkt. 12 at 19. Hudgins

also contends counsel was ineffective for not requesting a limiting instruction during the presentation of the informant's impeachment evidence. *Id.*

Trial counsel did not feel that objections were supported by the record. Dkt. 19-12 at 31. He also believed resisting the admission of the impeachment evidence would convey to the jury that the defense was concerned that the informant's testimony was credible. *Id.* The state habeas court found that this was reasonable trial strategy. Dkt. 13-12 at 1.

To show ineffective assistance of counsel due to an alleged failure to object, the applicant must show that the trial court would have committed error in overruling the objection. *Ex parte White*, 160 S.W.3d 46, 53 (Tex. Crim. App. 2004). The state habeas court concluded that Hudgins did not show the trial court would have erred in overruling an objection to the State's impeachment evidence. *Id.* at 14. The court agrees.

With regard to the limiting instruction, the state habeas court reasonably concluded that Hudgins failed to show he was prejudiced by trial counsel's failure to request such an instruction. Hudgins is not entitled to relief on this ground.

5. *Lesser included offense of aggravated robbery.*

In his ninth ground for relief, Hudgins alleges the trial court erred in declining to instruct the jury on a lesser included offense of aggravated robbery. Dkt. 12 at 21. In his tenth ground for relief, Hudgins claims appellate counsel was ineffective for failing to challenge the trial court's refusal to include this instruction. *Id.* at 22.

Aggravated robbery is not a lesser included offense of murder. *Littrell v. State*, 271 S.W.3d 273, 277 (Tex. Crim. App.2008). Thus, the state habeas court properly concluded that Hudgins failed to show trial court error in declining to instruct the jury on aggravated robbery. Dkt. 19-12 at 15. The state court also properly rejected Hudgins claim that appellate counsel was ineffective for failing to challenge the trial court's refusal. Hudgins is not entitled to relief on these grounds.

6. *Instruction on lesser included offenses.*

In his eleventh ground for relief, Hudgins claims trial counsel was ineffective for failing to request an instruction on the lesser included offenses of manslaughter and criminally negligent homicide. Dkt. 12 at 23. An individual commits manslaughter when he causes the death of the victim recklessly, *see* Tex. Pen. Code § 19.04(a), and criminally negligent homicide when the individual causes the death of the victim through criminal negligence, *see* Tex. Pen. Code § 19.05(b)(a).

Hudgins' defense was not that he killed the victim through recklessness or through criminal negligence, but that he did not kill the victim at all. No evidence at trial suggested that Hudgins killed the victim through recklessness or criminal negligence, so any request by trial counsel for such instructions would have been futile. Dkt. 19-12 at 3. The state habeas court reasonably concluded that Hudgins had not shown trial counsel was deficient for forgoing an instruction on manslaughter and criminal negligent homicide. *Id.* at 15. Hudgins is not entitled to relief on this ground.

7. *Instruction on burden of proof.*

In his nineteenth ground for relief, Hudgins claims trial counsel failed to request an instruction regarding the State's burden of proof under the law of parties, section 7.02(a)(2) of the Texas Penal Code. Dkt. 12 at 31. In his twenty-first ground for relief, Hudgins alleges ineffective assistance of appellate counsel because appellate counsel failed to challenge this charge. *Id.* at 33. In his seventeenth ground for relief, Hudgins alleges the trial court erred in failing to instruct the jury on this burden of proof. *Id.* at 29.

The state habeas court concluded these claims were not supported by the record because the jury charge did, in fact, contain an instruction regarding the burden of proof required for the law of parties. Dkt. 19-12 at 6. Hudgins fails to offer any evidence to rebut the state court's factual determinations. Thus, the state court's findings are presumed to be true, and Hudgins is not entitled to relief on these grounds.

8. *Jury charge – failure to apply the law to the facts.*

In his twentieth ground for relief, Hudgins claims trial counsel failed to object to the jury charge for its failure to apply the law to the facts of the case. Dkt. 12 at 32. Hudgins also alleges ineffective assistance of appellate counsel on the same ground in his twenty-first ground for relief. *Id.* at 33.

The state habeas court found that the jury charge did contain application paragraphs that tracked the language of the charged offense. Dkt. 19-12 at 6. Thus, the state habeas court reasonably concluded Hudgins failed to show his counsel was deficient

in not objecting to the charge. *Id*. at 16-17. Hudgins is not entitled to relief on these grounds.

    9. *Sufficiency of the evidence.*

    In his thirteenth and sixteenth grounds, Hudgins claims appellate counsel was ineffective for failing to challenge the sufficiency of the evidence that supported the finding that Hudgins was guilty as a party under § 7.02(a)(2) of the Texas Penal Code. Hudgins contends that (1) the State court could not find him guilty of murder as a party when no one had been found guilty of murder; (2) there was no evidence to support that he acted as a party with intent to commit murder; and (3) the application paragraph did not apply the law to the facts. Hudgins further argues that the evidence was insufficient to support the verdict because there was no evidence that he should have anticipated the victim would be shot and killed during the robbery. Dkt. 12 at 25, 28.

    The state habeas court found that the State was not required to prove that (1) another person had been convicted of the murder before Hudgins could be found guilty as a party, or (2) Hudgins acted with the specific intent to murder the complainant. The state court also found that the application paragraph of the jury charge correctly applies the law to the facts. Dkt. 19-12 at 4.

    There was sufficient evidence to support a finding that Hudgins was guilty as a party under § 7.02(a)(2) of the Penal Code. The State was not required to prove that Hudgins had the requisite intent to commit murder, but that he acted "with the intent to promote or assist the commission of the offense." *See* Tex. Pen. Code § 7.02(a)(2).

Hudgins and his codefendants went to the victim's apartment to commit a robbery. Hudgins was aware that his codefendants had guns, and he allegedly waited in the get-away car while his codefendants went to commit the robbery. Hudgins heard two gunshots, and after his codefendants returned to the car, they drove off and Hudgins was paid $800. Dkt. 19-21 at 45-46. This is sufficient evidence that Hudgins aided or attempted to aid his codefendants to commit the offense, and is criminally responsible for the conduct of his codefendants. *See* Tex. Pen. Code § 7.02(a)(2). This is also evidence that, from an objective point of view, Hudgins should have anticipated that the victim would be shot and killed during the robbery. Dkt. 19-12 at 4.

Based on this evidence, the state habeas court reasonably concluded that Hudgins failed to show a reasonable probability that the results of the direct appeal would have been different had appellate counsel raised these claims. *Id.* at 15-16. Hudgins is not entitled to relief on this ground.

*10. Article 38.22 instruction.*

In his twenty-fifth ground for relief, Hudgins claims trial counsel was ineffective for (1) failing to produce any evidence regarding the voluntariness of his pretrial statement, and (2) failing to request an Art. 38.22 instruction. Dkt. 12 at 37.

As a self-described "shot in the dark," trial counsel urged involuntariness to the Judge, and was overruled. Dkt. 19-12 at 32. Trial counsel contends he saw no possibility of the jury finding Hudgins' pretrial statement to be involuntary, and asserting such a

claim to the jury would endanger any credibility the defense had. Further, he saw no realistic ability to get an Art. 38.22 instruction based on the record. *Id.*

A defendant is entitled to a jury instruction on voluntariness if any evidence raises a question about it. *Oursbourn v. State*, 259 S.W.3d 159, 172-74 (Tex. Crim. App. 2008). Here, there was no way to challenge the statement's voluntariness without running the risk of having Hudgins testify. Dkt. 19-12 at 8. The state habeas court reasonably concluded Hudgins failed to show trial counsel was deficient in not requesting such an instruction. *Id.* at 18. Hudgins is not entitled to relief on this ground.

*11. Culpable mental state.*

In his twenty-seventh ground for relief, Hudgins claims trial counsel failed to object and preserve error in the jury charge. Hudgins contends the charge failed to apply the law regarding culpable mental state to the facts in the application paragraph. Hudgins also alleges appellate counsel was ineffective for failing to argue this same point on direct appeal. Dkt. 12 at 39.

The state habeas court found that the jury charge did properly apply the law regarding culpable mental state in the application paragraph. Dkt. 19-12 at 18. Further, the state habeas court reasonably concluded that Hudgins failed to show this ground would have any merit on direct appeal. Hudgins is not entitled to relief on these grounds.

*12. Unanimous verdict.*

In his twenty-ninth ground for relief, Hudgins claims ineffective assistance when (1) trial counsel failed to request a unanimous jury verdict on the specific theory of party

liability, and (2) appellate counsel failed to complain about the lack of such an instruction. Dkt. 19-12 at 10.

When alternate theories of committing the same offense are submitted to the jury in the disjunctive, the jury may return a general verdict if the evidence was sufficient to support a finding under any of the theories submitted. *Kitchens v. State*, 823 S.W.2d 256, 258 (Tex. Crim. App. 1991). To show ineffective assistance of counsel due to failure to object, the applicant must show that the trial court would have committed error in overruling the objection. *Ex parte White*, 160 S.W.3d at 53.

The state habeas court rejected these ineffective assistance claims, finding that (1) alternate theories of committing the murder were submitted to the jury in the disjunctive; (2) there was sufficient evidence to support a finding under the theory that Hudgins was guilty as the primary actor, and that Hudgins was guilty as a party; and (3) Hudgins failed to show the trial court would have committed error in overruling an objection on this ground. Dkt. 19-12 at 11. There is no evidence that the state court's adjudication of these claims is an unreasonable application of clearly established federal law. Thus, the court defers to the state court, and Hudgins is not entitled to relief on these grounds.

*13. Motion to quash indictment.*

In his thirty-second ground for relief, Hudgins claims trial counsel failed to file a motion to quash the indictment on grounds that it did not provide sufficient notice to the nature and cause of the accusation. Dkt. 12 at 44.

The state habeas court reasonably concluded that the indictment provided Hudgins with sufficient notice regarding the allegations against him, and trial counsel was effective. Dkt. 19-12 at 12. Hudgins' counsel was not ineffective by forgoing a motion to quash. Hudgins is not entitled to relief on this ground.

## II. Trial Court Error

A federal court will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). This rule applies whether the state law ground is substantive or procedural. *Id.* Where a Texas court rejects a claim in habeas proceedings on grounds that the claim could have been raised on appeal but was not, that state court default is an adequate and independent state-law ground barring federal merits review. *See Soria v. Johnson*, 207 F.3d 232, 249 (5th Cir. 2000) (holding that where a state court determines that habeas applicant forfeited claim by not raising the issue on appeal, the determination precludes federal merits review).

### 1. Conviction under Penal Code 7.02(a)(2) and 7.02(b).

In his fourteenth ground for relief, Hudgins claims the jury charge failed to authorize a conviction under Texas Penal Code Sections 7.02(a)(2) and 7.02(b). Dkt. 12 at 26. The state habeas court concluded that the jury charge did authorize a conviction under Sections 7.02(a)(2) and 7.02(b), and Hudgins was therefore not entitled to relief on this ground. Dkt. 19-12 at 16. Hudgins has not offered clear and convincing evidence to

rebut the state habeas court's factual findings. This finding is presumed correct, and Hudgins is not entitled to relief on this ground.

### 2. *Unconstitutional definition of beyond a reasonable doubt.*

In his eighteenth ground for relief, Hudgins alleges he was deprived of a fair trial when the trial court gave the jurors an unconstitutional definition of "beyond a reasonable doubt" and an instruction that commented upon the weight of the evidence. Dkt. 12 at 30. The state habeas court concluded the claim was not supported by the record, and that the trial court did not provide the jury with a definition of beyond a reasonable doubt. Dkt. 19-12 at 16. Hudgins has not offered clear and convincing evidence to rebut the state habeas court's findings. Hudgins is not entitled to relief on this ground.

### 3. *Deadly weapon finding against Hudgins.*

In his twenty-fourth ground for relief, Hudgins claims the trial court erred in finding that a deadly weapon was used because no special issue was submitted to the jury. Dkt. 12 at 36. The state habeas court concluded that the claim was forfeited because it could have been raised on direct appeal. Dkt. 19-12 at 17. Because the state court rejected Hudgins' claim by relying upon a state law that is independent of federal law and adequate to support the decision, the claim is precluded from federal review, and Hudgins is not entitled to relief on this ground.

### 4. *Culpable mental states.*

In his twenty-sixth ground for relief, Hudgins claims the trial court failed to apply the law regarding the culpable mental states in the application paragraphs. Dkt. 12 at 38.

The state habeas court concluded that the jury charge does apply the law regarding the culpable mental states in the application paragraphs. Dkt. 19-12 at 18. Hudgins offers no proof to rebut this finding. Hudgins is not entitled to relief on this ground.

   *5.  Non-unanimous verdict.*

   In his twenty-eighth ground for relief, Hudgins claims the jury charge allowed for a non-unanimous verdict because it did not require the jury to indicate whether it found him guilty as the primary actor or as a party. Dkt. 12 at 40. The state habeas court found that Hudgins preserved this issue for direct appeal, but failed to raise it on appeal. Dkt. 19-12 at 10. Thus, Hudgins forfeited this claim. *Id.* at 19. Because the state court rejected Hudgins' claim by relying upon a state law that is independent of federal law and adequate to support the decision, the claim is precluded from federal review. Hudgins is not entitled to relief on this ground.

## III. Denial of Fair and Impartial Trial

   In his third ground for relief, Hudgins claims he was denied a fair and impartial trial because the prosecutor called an informant known to be hostile for the primary purpose of eliciting inadmissible impeachment evidence. Dkt. 12 at 14. Hudgins contends the informant did not want to testify and could not remember whether Hudgins had made a jail-house confession admitting to killing the victim or if he fabricated Hudgins' confession. *Id.*

   The state habeas court reasonably concluded that Hudgins failed to "show the prosecutor knew the [informant] would recant his previous statements or that the

prosecutor called [informant] with the primary purpose of eliciting inadmissible impeachment evidence, therefore [Hudgins] fails to establish he is entitle to relief on this ground." Dkt. 19-12 at 20.

In habeas actions, a federal reviewing court does not sit to review evidentiary issues under state law. *See Peters v. Whitley*, 942 F.2d 937, 940 (5th Cir. 1991). Hudgins is not entitled to relief on this ground.

## IV.    No Jurisdiction

In his sixth ground for relief, Hudgins argues that, because the jury charge contained an erroneous instruction on capital murder, the trial court did not have jurisdiction. Dkt. 12 at 17.

The presentment of an indictment or information to a Texas court invests the court with jurisdiction of the cause. *McKay v. Collins*, 12 F.3d 66, 68 (5th Cir. 1994) (citing Tex. Const. art. 5, § 12(b)). The sufficiency of a state indictment is not a matter for federal habeas relief unless it can be shown that the indictment is so defective that it deprives the state court of jurisdiction. *See McKay v. Collins*, 12 F.3d 66, 68 (5th Cir. 1994). The state habeas court reasonably concluded that presentment of the indictment charging Hudgins with murder properly invoked jurisdiction of the trial court. Dkt. 19-12 at 14. Hudgins is not entitled to relief on this ground.

## V.    Sufficiency of the Evidence

In his twelfth (Dkt. 12 at 24) and fifteenth (*Id*. at 27) grounds for relief, Hudgins claims there is no evidence or insufficient evidence to support his conviction for murder.

18

A federal habeas petitioner may not obtain relief unless it appears that he has exhausted the remedies available in state court. *See* 28 U.S.C. § 2254(b). Further, a petitioner's claim of insufficiency of the evidence is procedurally defaulted where the petitioner failed to raise the claim on direct review. *See West v. Johnson*, 92 F.3d 1385, 1398 n.18 (5th Cir. 1996).

The state habeas court found that (1) if Hudgins is alleging no evidence supports his conviction, Hudgins' did not raise this claim on direct appeal, and (2) if Hudgins' is challenging the sufficiency of the evidence to support his conviction, the claim is not cognizable. Dkt. 19-12 at 15. The court agrees. These claims are barred and afford no grounds for relief.

## VI. Prosecutorial Misconduct.

In his twenty-second ground for relief, Hudgins alleges the State failed to offer evidence that a codefendant had confessed to being the primary actor in the shooting, and thus committed perjury in its closing argument when it stated Hudgins was the shooter. Dkt. 12 at 34

For a state habeas petitioner to prevail on a claim of prosecutorial misconduct, the prosecutorial remarks must be so prejudicial that they render the trial fundamentally unfair. *Bagley v. Collins*, 1 F.3d 378, 380 (5th Cir. 1993). The state habeas court found that Hudgins failed to show that the State's closing arguments were improper or constituted perjury, or that the State was required to offer evidence that a codefendant

had confessed to being the primary actor in the shooting. Dkt. 19-12 at 7. The court agrees.

Under state law, the prosecutor may sum up the evidence; make reasonable inferences from the evidence; answer the defense's arguments; and make pleas for law enforcement. *Willis v. State*, 785 S.W.2d 378, 384 (Tex. Crim .App. 1989). The prosecutor summed up the evidence and offered reasonable deductions to the jurors. Hudgins' codefendant's confession to being the shooter does not preclude the possibility of there being more than one shooter. Given that the victim had five gunshot wounds, the jury could reasonably infer that Hudgins was one of the shooters.

Hudgins is not entitled to relief on this ground.

## VII.    Barred Conviction.

In his twenty-third ground for relief, Hudgins argues he was denied due process because his conviction was barred by judicial or collateral estoppel. Dkt. 12 at 35. Hudgins alleges the prosecutor used three inconsistent theories in prosecuting the three codefendants. Because his codefendant, Williams, confessed to being the shooter, Hudgins asserts that he could not also have been a shooter, and the prosecutor erred by so arguing at closing.

"Closing arguments are not evidence. Moreover, [the Fifth Circuit has clearly established that] a prosecutor can make inconsistent arguments at the separate trials of codefendants without violating the due process clause." *Clark v. Johnson*, 227 F.3d 273, 279 (5th Cir. 2000). To violate due process, an inconsistency must exist at the core of the

prosecutor's cases against defendants for the same crime. *Smith v. Groose*, 205 F.3d 1045, 1052 (8th Cir. 2000).

Hudgins' claim is conclusory, and he offers no evidence that the prosecutor's inconsistent theories went to the core of the prosecutor's case. In fact, any inconsistencies in the State's theory of each case were immaterial to the conviction since both Hudgins and his codefendants could have been convicted for the same offense as a party to the offense. *See Hernandez v. Thaler, No. CIV.A. H-10-3938, 2011 WL 3567488, at *13 (S.D. Tex. Aug. 12, 2011)(citing United States v. Paul,* 217 F.3d 989, 998–99 (8th Cir.2000))* ("When it cannot be determined which of two defendants' guns caused a fatal wound and either defendant could have been convicted under either theory, the prosecution's argument at both trials that the defendant on trial pulled the trigger is not factually inconsistent.").Therefore, the prosecutor did not act improperly in arguing that Hudgins was the shooter when Williams had already confessed to being the shooter. *Cooper v. United States,* No. CIVA 4:05CV157 WHB, 2006 WL 2077583, at *8 (S.D. Miss. July 24, 2006). For these reasons, Hudgins' due process was not violated and Hudgins is not entitled to relief on this ground.

## VIII.    Penal Code 7.02 Unconstitutionally Vague.

In his thirtieth ground for relief, Hudgins claims Texas Penal Code 7.02 is unconstitutionally vague because it does not define "anticipated". Dkt. 12 at 42. A statute is not unconstitutionally vague simply because all the words or terms are not specifically defined. *See Powell v. State,* 538 S.W.2d 617, 619 (Tex. Crim. App. 1976), *rev'd on*

*other grounds*, *Gardner v. State*, 699 S.W.2d 831 (Tex. Crim. App. 1985). Words defined in dictionaries and with meanings so well-known as to be understood by a person of ordinary intelligence are not to be considered vague and indefinite. *Id.* at 619.

The state habeas court reasonably rejected this claim, finding that "anticipated" is defined in dictionaries, and that a person of ordinary intelligence understands its meaning. Dkt. 19-12 at 11. Hudgins is not entitled to relief on this ground.

## IX.   Defective Indictment.

In his thirty-first ground for relief, Hudgins claims the indictment did not provide sufficient notice "of the conduct associated with the alleged offense," and the indictment failed to invoke the jurisdiction of the trial court. Dkt. 12 at 43.

The state habeas court found that the indictment did provide Hudgins with sufficient notice, and that the presentment of the indictment invoked the trial court's jurisdiction. Dkt. 19-12 at 12. Ultimately, the state court concluded that Hudgins waived any complaint regarding the form or substance of the indictment because he failed to object prior to the day of trial. *Id.* at 20. This court agrees that Hudgins forfeited this claim. In any event, the presentment of the indictment charging Hudgins with murder properly invoked jurisdiction of the trial court, and Hudgins failed to show that the indictment was so defective that it deprived the state court of its jurisdiction. Hudgins is not entitled to relief on this ground.

## **Conclusion**

For these reasons, the court recommends that Hudgins' petition be denied with prejudice. All remaining motions should be terminated as moot. Further, the Court finds that it is not debatable whether this court is correct in its ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, the court recommends that a certificate of appealability not be issued.

The parties have 14 days from service of this memorandum and recommendation to file written objections. Failure to timely object will preclude appellate review of factual findings or legal conclusions, except for plain error. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72.

Signed at Houston, Texas, on March __12__, 2018.

Stephen Wm. Smith
United States Magistrate Judge

23